IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deanna Sharp, *individually and as mother and next friend of N.S., a minor*,<br><br>Plaintiff,<br><br>v.<br><br>Tia Hunter; Alexis Cramer; Samuel Jenkins, *Lieutenant, Orangeburg Department of Public Safety*; and Tony Catone, *Director/Commissioner South Carolina Department of Social Services*,<br><br>Defendants. | C/A No.: 5:26-cv-710-SAL<br><br><br>**ORDER** |

Plaintiff Deanna Sharp, proceeding pro se and in forma pauperis, filed this civil action under 42 U.S.C. § 1983. [ECF No. 1.] This matter is before the court for review of the Report and Recommendation of Magistrate Judge Paige J. Gossett (the "Report"). [ECF No. 8.] The magistrate judge recommends that this case be summarily dismissed without prejudice and without issuance and service of process. Plaintiff objects. [ECF No. 13.] For the reasons that follow, the court adopts the Report, overrules Plaintiff's objections, and summarily dismisses this case.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

1

review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without full recitation. Plaintiff's claims arise out of an emergency proceeding in August 2022 during which her minor son was removed from her custody and placed in foster care.[1]

---

[1] Plaintiff objects to the use of the term "foster care," see ECF No. 13 at 2–3, but based on a family court order detailing the removal proceedings, Plaintiff's child was removed from her custody on

Plaintiff claims her Fourth and Fourteenth Amendment rights were violated by his removal. *See* ECF No. 1. In her complaint, Plaintiff asks for injunctive relief, including restoring Plaintiff's parental contact and prohibiting Defendants from continuing to enforce the "seizure" of her child. *See id.* at 9. She also seeks compensatory and punitive damages for herself and her child for emotional distress, loss of familial association, and constitutional injuries. *Id.* at 10.

## I.     Claims on Behalf of Minor Child

The magistrate judge recommends summary dismissal of this case. First, although Plaintiff purports to bring this action on behalf of herself and her minor child, she has been warned she cannot represent the child pro se. *See* ECF No. 8 at 1–2. In her objections, Plaintiff clarifies she intends to proceed only on her own claims. [ECF No. 13 at 1–2.] The court thus dismisses without prejudice all claims brought on behalf of Plaintiff's minor child.

## II.     Fourth Amendment Claim

The magistrate judge next recommends dismissal of Plaintiff's Fourth Amendment claim. [ECF No. 8 at 4.] As recognized by federal case law, Fourth Amendment claims cannot be vicariously asserted and lie only with the "individual[] allegedly seized." *Parker v. Austin*, 105 F. Supp. 3d 592, 598 (W.D. Va. Apr. 28, 2015). Accordingly, as explained in the Report, Plaintiff's Fourth Amendment claim must be dismissed. [ECF No. 8 at 4.] Plaintiff generally objects, but she offers only that the removal of her child from her custody directly interfered with her fundamental liberty interest in the care, custody, and management of her child. [ECF No. 13 at 2.] This is not a Fourth Amendment claim. The court overrules Plaintiff's objection and dismisses her Fourth Amendment claim.

---

August 8, 2022, then placed in foster care. And following a probable cause hearing, the child was removed from foster care and placed with the child's father pursuant to the family court's order.

### III.     Fourteenth Amendment Claims

As to Plaintiff's Fourteenth Amendment claims, the Report recognizes that "[t]he state's removal of a child from his parents indisputably constitutes an interference with a liberty interest of the parents and thus triggers the procedural protections of the Fourteenth Amendment." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 342 (4th Cir. 1994); *see* ECF No. 8 at 4–6. But Plaintiff fails to state a claim upon which relief may be granted. While she now alleges that her child was removed without process and without exigent circumstances, she previously provided the family court order setting forth the facts justifying emergency custody and describing the subsequent legal process. *See Sharp v. South Carolina Dep't of Soc. Servs.*, C/A No. 3:25-1203-SAL, ECF No. 45 at 43–48. That order[2] indicates the "child entered foster care on August 8, 2022, as a result of emergency protective custody and left foster care at the probable cause hearing [on August 11, 2022,] when custody was granted to . . . the child's father." *Id.* at 43. The Report explains, "As the family court presiding over this case determined that the decision to place the child in emergency protective custody was supported by probable cause and complied with South Carolina's statutory scheme, the court cannot find that the defendants violated Plaintiff's due process rights." [ECF No. 8 at 6.] The magistrate judge alternatively notes the statute of limitations has run on Plaintiff's § 1983 claims, and Plaintiff offers no argument for equitable tolling. *Id.* at n.3.

---

[2] The court notes the order was by consent, and Plaintiff agreed to the disposition. *See Sharp v. South Carolina Dep't of Soc. Servs.*, C/A No. 3:25-1203-SAL, ECF No. 45 at 43–48. The order details a court-ordered treatment plan that required Plaintiff to submit to random drug screens, to complete parenting classes, to get a source of income and stable housing, and to participate in supervised visitations. *See id.* at 44. Plaintiff participated in the development of the treatment plan. *Id.* at 46. The family court found that it would be contrary to the welfare of Plaintiff's child to continue in her home and placed the child in the custody of the child's father. *Id.* at 46.

### A.    Failure to State a Claim

In her objections, Plaintiff asserts that her child was removed without prior judicial authorization. [ECF No. 13 at 3.] But this objection ignores the law cited in the Report—the Fourth Circuit has upheld South Carolina's emergency protective custody scheme as constitutional. *See White by White v. Chambliss*, 112 F.3d 731, 735 (4th Cir. 1997). The court also held that a sixty-five-hour delay between the emergency removal of a child and a probable cause hearing "did not unconstitutionally infringe upon the [parents'] substantial private interests in their family's integrity[,]" *Jordan*, 15 F.3d at 351. The court therefore agrees with the magistrate judge that Plaintiff has failed to state a claim upon which relief can be granted. Her objections are overruled.

### B.    Statute of Limitations

The magistrate judge also correctly concluded that dismissal is also warranted because the three-year statute of limitations for Plaintiff's § 1983 claims has run, and Plaintiff offers no valid basis for equitable tolling.[3] *See* ECF No. 8 at 6 n.3. Plaintiff argues the constitutional violations are continuing because she is still being deprived of meaningful notice, opportunity to be heard, or fair process. [ECF No. 13 at 3.] In South Carolina, courts have adopted a "continuing tort doctrine" in limited cases involving nuisance and legal malpractice. *See Silvester v. Spring Valley Country Club*, 543 S.E.2d 563, 567 (S.C. Ct. App. 2001) (citing *Sutton v. Catawba Power Co.*, 89 S.E. 353, 353 (S.C. 1916)); *Stokes-Craven Holding Corp. v. Robinson*, 787 S.E.2d 485, 496 (S.C. 2016). Courts, however, have expressly declined to apply the doctrine to other torts. *See Harrison v. Bevilacqua*, 580 S.E.2d 109, 115 (S.C. 2003); *see also Stoneburner v. Thompson,* C/A No. 3:12-

---

[3] For cases screened pursuant to 28 U.S.C. § 1915(e), this court may sua sponte consider "the statute of limitations when such a defense plainly appears on the face of" the complaint. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–54 (4th Cir. 1995)).

cv-3551-JFA, 2014 WL 2095160, at *5 (D.S.C. May 20, 2014) ("[I]f there is any discernible rule on the continuing tort doctrine in South Carolina, it is that the continuing tort doctrine is not generally applicable."). Accordingly, the court rejects Plaintiff's continuing violation arguments and overrules this objection.

## IV.     Motion for Temporary Restraining Order

The Report also recommends denying Plaintiff's motion for a temporary restraining order because she has failed to state a plausible claim for relief and therefore cannot demonstrate a likelihood of success on the merits. [ECF No. 8 at 6–7.] As outlined above, the court agrees this case should be summarily dismissed. Accordingly, the court denies Plaintiff's motion for a temporary restraining order.

## V.     Leave to Amend

Finally, Plaintiff seeks leave to amend her complaint to cure any deficiencies. [ECF No. 13 at 3–4.] While the Federal Rules of Civil Procedure provide that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15, here, Plaintiff offers no specific amendments that would cure the deficiencies in her pleadings.

Upon de novo review, the court agrees with and adopts the reasoning of the magistrate judge, overrules Plaintiff's objections, and summarily dismisses this case without prejudice.

### CONCLUSION

After de novo review of the Report, the applicable law, and the record of this case, the court overrules Plaintiff's objection and adopts and incorporates the Report. ECF No. 8. Accordingly, this case is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

Because this case is being dismissed, the court also **DENIES** Plaintiff's motion for a temporary restraining order, ECF No. 4, and her motion for reasonable accommodation, ECF No. 12, where she asks that the court allow her to file electronically.[4]

    **IT IS SO ORDERED.**

April 6, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[4] Under this district's ECF filing procedures, a pro se party may not be registered as a filing user, which is a prerequisite to filing documents electronically and receiving electronic service of documents. *See* Electronic Case Filing Policies and Procedures District of South Carolina §§ 2.4, 3.3, 3.4, https://www.scd.uscourts.gov/AttorneyResourceManuals/ECF/ECF_Policy_and_ Procedures.pdf.